**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                           |   |                        |
|---------------------------|---|------------------------|
|                           | * |                        |
| **UNITED STATES OF AMERICA** | * |                        |
| **v.**                    | * | **CRIM. NO.  JKB-15-646** |
| **ROBERT MARTIN,**        | * |                        |
| **Defendant**             | * |                        |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM ORDER</u>**

The Defendant Robert Martin was sentenced to a period of 108 months' imprisonment after being found guilty of conspiracy to distribute controlled substances.  (Judgment at 1−2, ECF No. 94.)   Martin is currently incarcerated at FCI Schuylkill.   He has now filed a Motion for Compassionate Release (ECF No. 121) in light of the COVID-19 Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."  A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Martin states that he submitted a request for compassionate release to his warden which was denied.  Though it is unclear based on Martin's submission whether he has "fully exhausted all administrative rights to appeal," the Court will

1

assume without deciding that his motion is procedurally ripe.  Therefore, the question facing the Court is whether Martin has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  The Commission has stated that "extraordinary and compelling reasons" exist where: 1) a defendant has a terminal or serious medical condition; 2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; 3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or 4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate."  *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]"  *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to §

3582(c)(1)(A)." *Id.  See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Martin has failed to explain how he satisfies any of the requirements required for a sentence reduction or provide evidence in support thereof.  Absent any explanation for how he satisfies the standards required for release, the Court cannot find that extraordinary and compelling reasons exist which would warrant a sentence reduction.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Martin's legitimate concerns about his living situation.  However, Martin's motion provides no basis upon which the Court can find "extraordinary and compelling reasons" for his release.  *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release" absent individual special circumstances.).

Accordingly, Martin's Motion for Compassionate Release (ECF No. 121) is DENIED without prejudice to his ability to file an updated motion explaining why he is eligible for compassionate release and attaching any supporting documentation.

DATED this 6th day of July, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge